# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-349-RJC-DCK

| | |
|---|---|
| MARIA LYNN KEY, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court the Magistrate Judge's sua sponte Memorandum and Recommendation (M&R) (Doc. 6), which recommended that Plaintiff's complaint (Doc. 1) be dismissed.

## I. BACKGROUND

As noted in the M&R, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) was denied by this Court on July 8, 2013 (Doc. 3). In the order denying Plaintiff's application, the Court ordered Plaintiff, within fourteen (14) days, to pay the filing fee to the Clerk of Court or to submit an amended application to Proceed Without Prepayment of Costs or fees (Id.). Plaintiff did not comply with this order. Instead, on August 27, 2013, Plaintiff applied for an extension of time to pay the filing fee. (Doc. 4). This Court gave Plaintiff until February 1, 2014 to pay the filing fee and to serve the summons and complaint on Defendant. Plaintiff failed to do so and the Magistrate Judge issued the M&R recommending dismissal on February 5, 2014. Plaintiff was given until February 24, 2014 to file objections to the M&R but failed to do so.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the M&R having been filed, the parties have waived their right to de novo review of any issue covered in the M&R. A party's failure to make timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 146 (1985).

The Magistrate Judge issued a sua sponte order in which he recommended dismissal of

Plaintiff's pro se complaint for failing to comply with the Court's order. Here, the Court granted Plaintiff an extension of several months to pay the filing fee and Plaintiff failed to do so. Accordingly, the Court ADOPTS the recommendation of the Magistrate Judge and DISMISSES Plaintiff's complaint without prejudice.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 6), is **ADOPTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice.** The Clerk of Court is directed to close this case.

Signed: March 18, 2014

Robert J. Conrad, Jr.
United States District Judge